IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE ) <br> COMPANY and TRANSAMERICA ) <br> CORPORATION ) <br> ) <br> v. ) <br> ) <br> JINGBIN DOUGLAS, JEROME ) <br> EDWARD DOUGLAS, II, PENNY ) <br> GRACE JUDD and DANIEL DOUGLAS ) | No. 3:21-0194 <br> Richardson/Holmes |

**O R D E R**

Pending before the Court are two motions filed by Jingbin Douglas, a motion for leave to file a motion for partial summary judgment (Docket No. 66) and a motion for a discovery conference (Docket No. 67). Although the time for responses to the motions have not yet expired, the Court elects to exercise its discretion under Local Rule 7.01(b) to take action on the motions prior to expiration of the response deadline.[1] For the reasons discussed below, Jingbin Douglas's motion for leave to file a motion for summary judgment (Docket No. 66) is GRANTED and Jingbin Douglas's motion for a discovery conference (Docket No. 67) is DENIED as to that specific relief, but GRANTED as to the outstanding discovery requests, for which Jerome ("Jed") Douglas and Penny Judd must provide responses by no later than **April 29, 2022**. Further, the deadline to complete fact discovery is extended to **May 31, 2022**.

---

[1] In acting on the motion for leave to file a motion for partial summary judgment, the Court notes that the motion recites that Jingbin Douglas's counsel attempted to determine whether the motion was likely to be opposed. (Docket No. 66-1.) Similarly, the motion for a discovery conference was filed after unsuccessful efforts by Jingbin Douglas's counsel to discuss possible resolution with opposition counsel. (Docket No. 67-1.)

**Motion for leave to file dispositive motion**

In the motion for leave, Jingbin Douglas seeks leave to file a motion for summary judgment as to the declaratory judgment action on who are eligible beneficiaries and to what benefits they are entitled, which would resolve those issues in their entirety. The competing tort claims between Jingbin Douglas and Jed Douglas would however remain unresolved, which prompted Jingbin Douglas to request leave to file what is essentially a motion for leave to file a motion for partial summary judgment. Because resolution of the dispute regarding beneficiaries and benefits will fully resolve the original claims in this case, and because there may be some reasonable prospect of resolution of the remaining tort claims following declaratory judgment as to the underlying beneficiary and benefits issues, the Court finds that the request to file a motion for summary judgment on the declaratory judgment action claims is well-taken and will grant Jingbin Douglas's motion. Jingbin Douglas may file a motion for summary declaratory judgment of the eligible beneficiary (or beneficiaries) and the amount of benefits to be awarded. Briefing of the motion, including responsive briefing, shall be in accordance with the provisions for dispositive motions.

**Outstanding discovery**

In the motion for a discovery conference, and accompanying affidavit of counsel (Docket No. 67-1), Jingbin Douglas recites the efforts to obtain responses from Jed Douglas and Penny Judd to discovery that was propounded on or about November 29, 2021. According to the affidavit, extensions were given to prior counsel for Jed Douglas and Penny Judd, but the discovery remains outstanding. New counsel entered an appearance for Jed Douglas and Penny Judd on February 22, 2022. (Docket No. 53.) According to the affidavit of Jingbin Douglas's counsel, new counsel was provided with the outstanding discovery requests on March 25, 2022, after which

2

Case 3:21-cv-00194   Document 69   Filed 04/13/22   Page 2 of 4 PageID #: 1576

efforts were made to obtain the overdue responses and to schedule depositions prior to the discovery cutoff deadline of May 2, 2022. (Docket No. 67-1.)

District courts have broad discretion to "manage the discovery process and control their dockets." *Marie v. American Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992)). Given the entire circumstances of this case, including the short time remaining in the discovery period in this case and the length of time that Jingbin Douglas's discovery requests have been outstanding without response, the Court finds it unnecessary to schedule a discovery conference.

Jed Douglas and Penny Judd have had more than ample time to respond to Jingbin Douglas's discovery requests. The Court appreciates that their current attorney is fairly new to this case. But that attorney appeared almost 60 days ago. And time was taken to almost immediately file a motion to dismiss. *See* Docket No. 56. Further, Jed Douglas and Penny Judd answered Jingbin Douglas's complaint and cross claim on April 12, 2022, but no one has advised the Court that the issues regarding outstanding discovery that are recited in the preceding motion for discovery conference filed on April 5, 2022 have been addressed.[2]

In exercise of its discretion to manage discovery and this case, the Court directs that Jerome ("Jed") Douglas and Penny Judd must provide responses to Jingbin Douglas's outstanding discovery requests by no later than **April 29, 2022**.

Further, the deadline to complete fact discovery is extended to **May 31, 2022**.

---

[2] As noted above, the deadline for response to the motion for discovery conference has not yet expired. Still, the Court is surprised, given the statements about the lack of any response by counsel for Jed Douglas and Penny Judd, that at least some explanation of the status was not more promptly filed. The Court realizes there are often extenuating circumstances and because the Court has always found counsel for Jed Douglas and Penny Judd to be diligent and attentive, the Court simply notes its surprise.

All other case management deadlines and provisions found in prior orders and not modified herein remain in full force and effect.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge