IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | NO. 3:21-cv-00194 JUDGE RICHARDSON |
| v. | ) ) | |
| JINGBIN DOUGLAS, et al., | ) ) | |
| Defendants, | ) ) | |
| v. | ) ) | |
| JEROME EDWARD DOUGLAS II, et al., | ) ) | |
| Cross-Plaintiffs. | ) | |

## ORDER AND AWARD IN INTERPLEADER

Plaintiff, TransAmerica Life Insurance Company, filed this case solely to interplead life insurance policy and other death benefits (from the death of Plaintiff's former employee, Jerome Douglas, Sr.) so that Defendants could litigate the disposition of such proceeds. After interpleading those funds, Plaintiff was dismissed from this action without objection by order dated March 29, 2022, leaving Defendants to litigate against each other (via what technically are crossclaims) their respective claims to such funds (Doc. No. 63).[1]

Pending before the Court is a Report and Recommendation ("R&R") of the Magistrate Judge (Doc. No. 142), wherein the Magistrate Judge recommends that this Court grant the "Motion for Summary Judgment of Mrs. Jingbin Douglas" (Doc. No. 130, "Summary Judgment Motion") on all claims (all of which, as indicated above, are crossclaims between Defendants) and dismiss

---

[1] Every individual referred to below is a Defendant herein.

this action. Following the R&R, Jerome Edward ("Jed") Douglas, II filed his "Motion to Re-Set Trial, Motion for Extension of Time to Respond to Opposing Counsel Summary Judgement [sic], Motion for Extension of Time for New Counsel to Make an Appearance, Motion to View Bradley Law Firms Filing Under Seal, Motion to Respond Under Seal to Bradley Law Firms Filings"[2] (Doc. No. 144, "Omnibus Motion"), which was opposed (Doc. No. 145). For the reasons stated herein, the Court denies the Omnibus Motion in its entirety, adopts the findings of the Magistrate Judge in the R&R, and grants the Summary Judgment Motion.

The Court will begin by addressing the Omnibus Motion. Jed Douglas's requests to re-set the trial date, to extend the time to respond to the Summary Judgment Motion by thirty days, and to extend the time for counsel to make an appearance by thirty days, are all untimely. Jed Douglas's primary argument seems to be that Bradley's "sudden" and "untimely" withdrawal as counsel left him in the lurch, and he attributes his expectation that Bradley would continue to represent him to the "lengthy pause" after their motion to withdraw was filed. The Court sees it differently. Bradley filed its motion to withdraw on November 21, 2022. (Doc. No. 117). The Court granted the motion on March 28, 2023. (Doc. No 124). It is now a year later, with ongoing filings having been made throughout 2023 (including the Summary Judgment Motion being field in May 2023) prior to the R&R being decided in February 2024. Given the long stretch of time between the granting of Bradley's motion to withdraw—not to mention the even longer stretch between the filing of such motion—and the filing of the Omnibus Motion, the Court does not see any prejudice to Jed Douglas from refusing to extend deadlines. Jed Douglas has had a year to retain counsel, and his failure to have done so by now is not a reason to extend the deadline at this late date—particularly since Jed Douglas did not request the extension until months after the opposition to the Summary

---

[2] "Bradley" refers to Bradley Arant Boult Cummings LLP, the law firm that previously represented Jed Douglas in this case.

Judgment Motion was due and only in response to an R&R with an unfavorable outcome for Jed Douglas.

It is also unclear how an extension of time would help Jed Douglas to retain counsel. While on one hand Jed Douglas represents that he was unable to retain counsel due to a purported time crunch (apparently the short time frame to respond to the R&R), he also represents that he has counsel ready for trial. The Court is skeptical as to the legitimacy of that claim, but even so, it is unclear why Jed Douglas's retained counsel would not make an appearance at this time.

As stated, the deadline for Jed Douglas's opposition to the Summary Judgment Motion has long since passed, so the Omnibus Motion's request for a thirty-day extension to respond to the Summary Judgment Motion is unwarranted. To the extent that Jed Douglas's argument could be construed as an objection to the R&R on the basis of its treating certain findings as unopposed, Jed Douglas waived his ability to oppose those findings by not timely filing his opposition. Likewise, the Court cannot construe the Omnibus Motion as requesting additional time to file objections to the R&R because; so doing would inconsistent with the content of the Omnibus Motion, which demonstrates Jed Douglas's belief that the R&R's fourteen-day window presents an opportunity to *oppose the Summary Judgment Motion* (as opposed to an opportunity to *object to the R&R*, which is absolutely not the same thing); thus, even if the Court did construe the Omnibus Motion to request an extension of time to object to the R&R, it appears that such an extension would not be helpful because Jed Douglas does not intend actually to object to the R&R anyway. And in any event, the request is now moot because thirty days have passed from the deadline to object to the R&R without any appearance of counsel or further objection from Jed Douglas.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D.

Tenn. Feb. 12, 2019); *Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The district court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* Accordingly, the R&R is adopted as unopposed, and the Summary Judgment Motion is granted.

To the extent that the Omnibus Motion seeks to view Bradley's filings made under seal and to respond under seal to Bradley's filings, these requests are moot because hereby the R&R is adopted, and summary judgment is granted.[3]

CONCLUSION

For the reasons discussed herein, the Omnibus Motion (Doc. No. 144) is **DENIED**, the Magistrate Judge's R&R (Doc. No. 142) is **ADOPTED**, and the Summary Judgment Motion (Doc. No. 130) is **GRANTED**.

The crossclaims of Jed Douglas for abuse of process and intentional infliction of emotional distress are hereby DISMISSED. Moreover, the crossclaim of Jed Douglas for partition is hereby DISMISSED.

The Court hereby awards interpled funds, as enhanced by any interest thereon, as follows:

1. Jingbin Douglas is awarded the death benefit under Jerry Douglas's Transamerica Pension Plan in the amount of $17,900.33; and the Clerk shall distribute to her interpled funds in

---

[3] The Court additionally notes that there was nothing improper about Bradley withdrawing as counsel.

that amount, plus accrued interest thereon as calculated by the Clerk's Office or alternatively as pronounced in a further order of the Court;

2.    Jingbin Douglas is awarded the death benefit under Jerry Douglas' and 401(k) retirement savings benefits in the amount of $11,292.21, and the Clerk shall distribute to her interpled funds in that amount plus accrued interest thereon as calculated by the Clerk's Office or alternatively as pronounced in a further order of the Court;

3.    Benefits under Jerry Douglas' basic life insurance policy are awarded according to his last beneficiary designations—that is, in the amount of $5,900 (representing ten percent (10%) of such benefits) each to Jerome E. ("Jed") Douglas, II and Penny Grace Judd and in the amount of $47,200 (representing eighty percent (80%)) of such benefits to Jingbin Douglas. The Clerk shall distribute interpled funds to these respective beneficiaries in their respective amounts, plus accrued interest thereon as calculated by the Clerk's Office or alternatively as pronounced in a further order of the Court; and

4.    Benefits under Jerry Douglas' supplemental life insurance policy be awarded according to his last beneficiary designations—that is, in the amount of $11,700 (representing five percent (5%) of such benefits) each to Jed Douglas, Penny Grace Judd, and Daniel Douglas and in the amount of $198,900 (representing eighty-five percent (85%) of such benefits) to Jingbin Douglas, with accrued interest apportioned at 5% to each of Jed Douglas, Penny Grace Judd, and Daniel Douglas and 85% to Jingbin Douglas. The Clerk shall distribute interpled funds to these respective beneficiaries in their respective amounts, plus accrued interest thereon as calculated by the Clerk's Office or alternatively as pronounced in a further order of the Court.

It is the Court's current intention that upon completion of the above-ordered distributions, the Clerk will enter final judgment under Federal Rule of Civil Procedure 58 and close the file.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE